IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD JERMAINE JACKSON,** | ) |
| **Petitioner** | ) ) ) |
| vs. | ) ) Case No. 25-cv-1962-DWD |
| **T. LILLARD,** | ) ) ) |
| **Respondent** | ) ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This case is before the Court on Petitioner Ronald Jermaine Jackson's Motion for Leave to Appeal in Forma Pauperis (Doc. 11) and Amended Motion for Leave to Appeal in Forma Pauperis (Doc. 12). A federal court may permit a party to proceed on appeal without full prepayment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court does not have enough information to determine whether Jackson is indigent. To proceed on appeal without prepayment of fees, a prisoner must include a certified copy of his trust fund account statement or institutional equivalent for the 6-

month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(a)(2). Jackson has only provided a single page of his trust fund account statement which includes transaction dates from December 7, 2025 through December 11, 2025. Additionally, the trust fund account statement provided by Jackson has not been certified by the Trust Fund Officer at Greenville FCI. Since Jackson has not provided a sufficient copy of his trust fund account statement, the Court cannot conclude that he is unable to pay the filing fee.

In addition, the Court finds that Jackson's appeal is frivolous. Jackson appeals the denial of his § 2241 petition. The instant petition is not Jackson's first. Since April 2024, Jackson has filed 19 habeas petitions in the Southern District of Illinois. Apart from the petitions that have not yet been screened, all of Jackson's claims have been rejected, including for being barred by *Jones v. Hendrix*, 599 U.S. 465 (2023). See, e.g., *Jackson v. Lillard*, No. 24-cv-1539-JPG (S.D. Ill. June 21, 2024); *Jackson v. Lillard,* No. 25-cv-542-DWD (S.D. Ill. April 29, 2025); *Jackson v. Lillard,* No. 24-cv-2687-NJR (S.D. Ill. April 29, 2025) (detailing Jackson's history of abusive filings and sanctioning Jackson so that any further petition filed by him will be deemed rejected 30 days after filing unless the Court orders otherwise).

Jackson's instant petition raises arguments identical to those presented in the above referenced cases. In other words, it raises claims that have already been rejected by the undersigned and other judges in this District. Accordingly, the Court properly denied Jackson's § 2241 petition. Jackson has not provided sufficient information for the Court to determine that he is indigent, and the Court finds that his appeal is frivolous.

Therefore, the Court **DENIES** Petitioner Ronald Jermaine Jackson's Motions for Leave to Appeal in Forma Pauperis (Docs. 11 and 12).

Jackson may reapply to the Court of Appeals within 30 days after service of this Order. *See* FED. R. APP. P. 24(a)(5). The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals.

**SO ORDERED.**

Dated: January 23, 2026

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
